IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BELINDA BLAKELY, )
)
)
        Plaintiff, )
)
  -vs- )
) Civil Action No. 07-77
)
ALLEGHENY COUNTY AIRPORT AUTHORITY, )
)
)
        Defendant. )

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

*Pro se* Plaintiff, Belinda Blakey, filed a complaint on January 18, 2007, against Defendant, Allegheny County Airport Authority, asserting discrimination based on race and gender pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.* (Docket No. 1). Defendant filed a Motion to Dismiss asserting lack of subject matter jurisdiction over a purely state claim and statute of limitations of the state claim. (Docket No. 13). Thereafter, *pro se* Plaintiff filed a "Motion to Proceed Amend Original Complaint Extend Filing Date." (Docket No. 15). I deemed the same a response to the Motion to Dismiss. (Docket No. 16). Therein, *pro se* Plaintiff asserts she received a Notice of Right to Sue from the U.S. Equal Employment Opportunity

1

Commission on October 16, 2006. *Id.* As a result, she requests that she be permitted to amend her original complaint to include a claim based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"). Defendant filed a response arguing that I should not permit the amendment based on: 1) futility as time barred, and 2) there is no reason to invoke the doctrine of equitable tolling. (Docket No. 19). The issues are now ripe for review.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed. R. Civ. P. 12(b)(1). In other words, it "attacks . . . the right of a plaintiff to be heard in Federal court." *Cohen v. Kurtzman*, 45 F. Supp.2d 423, 428 (D. N.J. 1999). A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(1) motion based on the existence of jurisdiction, no presumption of truthfulness attaches to the allegations of the plaintiff (in contrast to the presumption applied under a Rule 12(b)(6) motion or a Rule 12(b)(1) motion based on immateriality). *Id.* The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991). Because the court must determine whether jurisdiction exists

before it may proceed to the merits of a case, the court may make factual findings which are decisive to the issue. *Cohen,* 45 F.Supp.2d at 429, *citing Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

In deciding a Motion to Dismiss pursuant to 12(b)(6), all factual allegations and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn,* 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See, Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *See,* Fed. R. Civ. P. 8(a)(2); *Conley,* 355 U.S. at 45-46. Thus, when ruling upon a 12(b)(6) motion, a district court is limited

to considering the facts as they are alleged in the complaint, anything properly attached thereto and matters of public record. Fed. R. Civ. P. 12(b)(6); 10(c). In addition, courts may consider exhibits that the defendant attaches to its motion to dismiss if they are undisputedly authentic and the plaintiff's complaints are based on them. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192 (3d Cir.1993).

In addition, courts must hold the allegations in a *pro se* complaint "to less stringent standards than those drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts must also construe *pro se* complaints liberally. *Id.*

With regard to Plaintiff's PHRA claim, I find that while I do not have federal subject matter jurisdiction over a purely state law claim brought pursuant to the PHRA,[1] I can assert supplemental jurisdiction over the same if I permit amendment to assert a cause of action pursuant to Title VII. 28 U.S.C. §1367. I decline to do so, however, because to do so would be futile as said claim is time-barred. The statute of limitations for a PHRA claim is two years from the date of the notice from the Commission. 43 Pa. C.S. §962(c)(2). Plaintiff received a Notice from the Pennsylvania Human Relations Commission, dated September 15, 2004, dismissing her case.[2] As

---

[1] "Federal courts are courts of limited jurisdiction. They posses only that power authorized by Constitution and statute." *Kokkomen v. Guardian Life Ins. Co. of A.,* 511 U.S. 375, 377 (1994). For federal question jurisdiction, a federal issue must be asserted in the complaint. *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 389 (3d Cir. 2002).

[2] Generally, in considering a motion to dismiss, a district court may not consider matters "outside the pleadings." Fed. R. Civ. P. 12(b)(6). Pleadings are defined by the Federal Rules to include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer. Fed. R. Civ. P. 7(a). Thus, when ruling upon a 12(b)(6) motion, a district court is limited to considering the facts as they are alleged in the complaint, anything properly attached thereto and matters of public record. Fed. R. Civ. P. 12(b)(6); 10(c). The Third

a result, Plaintiff had until September 15, 2006, to file a complaint based on her PHRA claims.  Plaintiff did not file this Complaint until January 18, 2007.  Consequently, Plaintiff's PHRA claims are time-barred.  In her reply, Plaintiff has not given any reasons as to why she waited over four months after the statute of limitations expired to file her PHRA complaint.  Moreover, she has not even asked to proceed on her PHRA claims.  Therefore, I am dismissing Plaintiff's PHRA complaint as time-barred.

With regard to Plaintiff's Title VII claims, Defendant objects based on the statute of limitations for a Title VII claim. (Docket No. 19).  According to Plaintiff, she received her EEOC Notice of Right to Sue on October 16, 2007.  (Docket No. 15, ¶1). As a result, she would have had ninety (90) days from that date, until January 16, 2007,[3] to file her Complaint based on Title VII. *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir.1986).  As I mentioned previously, Plaintiff filed her Complaint on January 18, 2007. (Docket No. 1).  As a result, Plaintiff's Title VII claims are also time-barred, absent some sort of equitable tolling.  Unlike her PHRA claims, however, Plaintiff appears to be asserting that the equitable tolling should be taken into consideration for the two day late filing.  (Docket No. 15, ¶2).

The burden of proving that the statute of limitations has been tolled is upon

---

Circuit has defined public records to include criminal case dispositions such as convictions or mistrials, letter decisions of governmental agencies and published reports of administrative bodies. *Pension Benefit Guar. Corp., v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993). Accordingly, I will consider the Notice from the Pennsylvania Human Relations Commission, dated September 15, 2004, dismissing Plaintiff's case.

[3]Ninety (90) days from October 16, 2007, is January 14, 2007, a Sunday.  So she would have had until Monday, January 15, 2007, but that was a federal holiday.  Fed. R. Civ. P. 6(a).  Technically, therefore, Plaintiff had until January 16, 2007, to file her Complaint.  *Id.*

Plaintiff.  *Courtney v. La Salle Univ.,* 124 F.3d 499, 505 (3d Cir. 1997).  "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), *citing, Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990).  "[T]here are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver*, 38 F.3d at 1387.  In this case, Plaintiff has not asserted any of these reasons. (Docket No. 15).  To the contrary, Plaintiff merely asserts that she could not find the time, based on her schedule, to make it to the courthouse by 4:30.  This excuse is in no way extraordinary.  Consequently,  I do not find that this is an adequate reason for equitable tolling.  Given that Plaintiff is *pro se*, however, I am granting Plaintiff leave to amend her Complaint to assert her Title VII claims and the reasons equitable tolling should apply in her case.

<u>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*</u>

THEREFORE, this **4th** day of June, 2007, after careful consideration and for the reasons set forth above, it is Ordered that  Defendant's Motion to Dismiss  (Docket No. 13), is granted and Plaintiff's Complaint is dismissed.

It is further ordered, that Plaintiff is granted leave to file an Amended Complaint pursuant to Title VII, by June 14, 2007.  Therein, Plaintiff must state the reasons equitable tolling should apply.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge